IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DOUGLAS L. MANLEY,                    )
                                      )
              Plaintiff,              )
                                      )        Case No. 23-cv-3982-DWD
vs.                                   )
                                      )
DR. QUANG TRAN,                       )
                                      )
              Defendant.              )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Douglas Manley, a former inmate of the Illinois Department of Corrections (IDOC) brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights while at Robinson Correctional Center.  The present action was severed from a broader complaint on December 20, 2023, and on April 22, 2024, Plaintiff filed an amended complaint in this case signaling his desire to proceed. (Docs. 1, 9).  On May 22, 2024, the Court reviewed Plaintiff's amended complaint under 28 U.S.C. § 1915(e), and he was allowed to proceed on one claim against Dr. Quang Tran, a dentist.  (Doc. 10).  Dr. Tran timely sought summary judgment (Docs. 29, 30), and advised Plaintiff of his obligation to respond (Doc. 31).  To date, Plaintiff has not responded.  For reasons explained herein, Dr. Tran's Motion is granted.

## FACTS

This case concerns Plaintiff's need for dental care while at Robinson Correctional Center from February 25, 2022, through November 16, 2022.[1]  On March 1, 2022, Dr. Tran reviewed Plaintiff's dental chart and determined that Plaintiff should be seen for a dental examination.  (Tran Decl., Doc. 30-1 at ¶¶ 21-22; Doc. 30-1 at 280).  On April 11, 2022, Plaintiff was seen at nurse sick call for tooth pain, he had pain medication, he was instructed on how to mitigate pain, and he was referred for a dental appointment.  (*Id.*, ¶ 23; Doc. 30-1 at 48-50).  Dr. Tran reviewed the referral on April 21, 2022, prescribed Amoxicillin for potential tooth decay, and prescribed Motrin for pain.  (*Id.*, ¶ 24; Doc. 30-1 at 280).  Tran saw Plaintiff for an examination on April 28, 2022, and determined that although Plaintiff did not present with acute pain or problems, extractions would be appropriate.  (*Id.*, ¶¶ 25-27; Doc. 30-1 at 280).

On August 3, 2022, Plaintiff filed a grievance about dental care, but Dr. Tran was not notified of the grievance until September 7, 2022.  (Tran Decl., Doc. 30-1 at ¶28).  Plaintiff completed a consent for dental treatment form on August 15, 2022, that indicated he understood there may not be enough time for him to receive dentures.  (Doc. 30-1 at 281).  On August 15, 2022, Dr. Tran began with the planned extractions, and the procedure was well-tolerated.  (Tran Decl., Doc. 30-1 at ¶ 29; Doc. 30-1 at 280).  Plaintiff was prescribed pain medication and he was to be scheduled for future extractions.  (Tran Decl., Doc. 30-1 at ¶ 31; Doc. 30-1 at 280).  On November 5, 2022, Plaintiff contacted the

---

[1] Plaintiff remained at Robinson beyond November and did not receive dentures before his discharge, but his last contact with Dr. Tran was November of 2022 and there is no evidence he tried to follow-up with Dr. Tran after that visit.

healthcare unit complaining of persistent pain and he asked when he would be seen again. (Tran Decl., Doc. 30-1 at ¶ 33). A healthcare administrator informed him he was on the list to be seen but that she did not know when a visit would occur. (Doc. 9-1 at 15). On November 14, 2022, Plaintiff reported to nurse sick call for tooth pain, he was given ibuprofen, and he was referred to the dentist. (Tran Decl., Doc. 30-1 at ¶ 36; Doc. 30-1 at 148-150). Dr. Tran performed the second set of extractions on November 16, 2022, which were well-tolerated. (Tran Decl., Doc. 30-1 at ¶ 37; Doc. 30-1 at 280). Plaintiff received pain medication and was placed on the list for future treatment. (Tran Decl., Doc. 30-1 at ¶ 39; Doc. 30-1 at 280). Dr. Tran filled out the referral for dentures on November 16, 2022, but inmates had to wait four months to allow complete healing after extractions before they could receive dentures. (Tran Decl., Doc. 30-1 at ¶¶ 40, 41; Doc. 30-1 at 285, 287). Dr. Tran never treated Plaintiff after the November 16, 2022, extractions. (Tran Decl., Doc. 30-1 at ¶ 42). Dr. Tran does not believe that Plaintiff's condition in any way deteriorated while he was treating him because Mr. Manley gained weight throughout the course of treatment. (Tran Decl., Doc. 30-1 at ¶ 44).

Dr. Tran did not work full-time at Robinson while Plaintiff was detained there, and he only went to Robinson as his schedule allowed to provide fill-in coverage. (Tran Decl., Doc. 30-1 at ¶¶ 3-5, 7-8). Dr. Tran ceased all work at Robinson on April 19, 2023. (*Id.*, ¶ 6). Dr. Tran did not control the patient scheduling process and simply saw patients as they came up on his treatment list. (*Id.*, ¶¶ 8-9). Jill Martin, a dental assistant at Robinson from November of 2014-June of 2023, declared that dentists did not have control over scheduling patients for care. (Martin Decl., Doc. 30-2 at ¶ 2). She indicated

that dental assistants like herself were responsible for scheduling,  that there was a backlog outside the control of dentists or assistants, and that Dr. Tran had no control over his treatment lines.  (Martin Decl., Doc. 30-2 at ¶¶2-6).

At his deposition, Plaintiff testified that he had not sought regular dental care in a number of years prior to his incarceration. (Manley Dep., Doc. 30-3, pp. 21:19-22:4).  Upon his release from IDOC, he sought dental care and was able to secure an appointment "within a few months." (*Id.*, p. 27:19-22).  Plaintiff testified variably about Dr. Tran's schedule at Robinson, indicating that Dr. Tran likely came to the prison on Thursdays, but also that Dr. Tran set his own schedule, must have worked five days a week at Robinson, promised appointment times, and should not have promised extractions within a few weeks when it actually took months to be seen.  (*Id.*, pp. 33:21-34:5; 38:18-39:15; 42:10-11; 43:14-44:9).

Plaintiff wrote in his amended complaint and affirmed at his deposition that he believed dental delays were caused by extreme dental understaffing attributable to prison administrators not properly following the law or administrative directives about dental care. (Manley Dep., Doc. 30-3, p. 50:6-14).  Plaintiff testified that he did not know why his dental care was delayed.  (*Id.*, pp. 52:23-53:10).  But  he also testified he did not get care because he did not get a call pass, and because Dr. Tran did not make himself available as much as needed.  (*Id.*, pp. 55:2-3; 56:17-20).

Plaintiff testified that in response to a grievance, he was notified that dental treatment lines were long and slow due to dental staffing shortages.  (Manley Dep., Doc. 30-3, p. 77:11-14).  When he eventually had all of his upper teeth extracted in August of

2022, the pain associated with those teeth was entirely gone.  (Manley Dep., Doc. 30-3, p. 108:2-6).  The extraction of the lower teeth in November of 2022 alleviated all additional tooth pain.  (*Id.*, p. 130:9-12).  Plaintiff believed based on Dr. Tran's comments on November 15, 2022, that he would be seen in a few months for dentures (*Id.*, p. 130:15-23), but he never saw Dr. Tran again (*Id.*, p. 135:3-6).  In total, Plaintiff only saw Dr. Tran three times.  (*Id.*, p. 136:21-23).

In support of the amended complaint, Plaintiff submitted a copy of an August 2022 grievance wherein he complained of his persistent dental pain and lack of care.  (Doc. 9-1 at 11-12).  The grievance was submitted August 3, 2022, and a counselor provided Dr. Tran's response on September 15, 2022.  In response, Dr. Tran indicated that Plaintiff had teeth extracted on August 15, 2022, and that he had been placed back on the list for additional extractions.  He indicated, "due to Robinson not having a full time dentist on staff and limited dental coverage, treatment lines are long and slow." (*Id.*).  The amended complaint also was accompanied by a November 5, 2022, request slip wherein Plaintiff said he had been complaining of dental pain for several months but had not yet been seen.  The dental assistant responded, "Mr. Manley, you are scheduled for extractions at the next dentist availability.  I do not know what day that will be.  You are now at the top of the line." (Doc. 9-1 at 15).

## CONCLUSIONS OF LAW

A.  Legal Standards

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a).  In

determining a summary judgment motion, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted). Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, a non-movant must do more than rest upon the allegations made in the complaint to withstand summary judgment. *See e.g.*, *Gabrielle M. v. Park Forest-Chi. Heights, Ill. Sch. Dist. 163*, 315 F.3d 817, 822 (7th Cir. 2003) ("[T]o withstand summary judgment, the non-movant ... may not rely on vague, conclusory allegations."); *see also, Liu v. T & H Mach., Inc.*, 191 F.3d 790, 796 (7th Cir. 1999) ("A party must present more than mere speculation or conjecture to defeat a summary judgment motion.").

"A prison official violates the Eighth Amendment by acting with subjective 'deliberate indifference' to an inmate's 'objectively serious' medical condition." *Reck v. Wexford Health Sources, Inc.*, 27 F.4th 473, 483 (7th Cir. 2022). A prison dentist is generally expected to provide care for an ailment causing serious pain, but an unsubstantiated disagreement with a dentist's chosen course of care does not amount to deliberate indifference. *See e.g.*, *Dobbey v. Mitchell-Lawshea,* 806 F.3d 938, 940 (7th Cir. 2015). "[L]acking any evidence that the dentist's treatment plan was obviously inadequate, or a substantial departure from standard practice, [a plaintiff] cannot make out a claim of

deliberate indifference. *Hoeft v. Kasten*, 393 Fed. App'x 394, 396 (7th Cir. 2010) (unpublished).

In order to prevail on a claim of deliberate indifference, a prisoner who brings an Eighth Amendment challenge of constitutionally deficient medical care must satisfy a two-part test. *See Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citation omitted). The first consideration is whether the prisoner has an "objectively serious medical condition." *Arnett*, 658 F.3d at 750; *accord, Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The second consideration is if the prisoner has demonstrated subjective indifference to his situation. The plaintiff need not show the individual "literally ignored" his complaint, but that the individual was aware of the condition and either knowingly or recklessly disregarded it. *Hayes v. Snyder*, 546 F.3d 516, 524 (7th Cir. 2008). "Something more than negligence or even malpractice is required" to prove deliberate indifference. *Pyles*, 771 F.3d at 409. Deliberate indifference involves "intentional or reckless conduct, not mere negligence." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010) (*citing Gayton*, 593 F.3d at 620).

In addition to refusing treatment or providing treatment that is inadequate, a prison medical provider may also be liable for deliberate indifference based on allegations that they needlessly delayed treatment. To demonstrate that a delay caused a cognizable injury, an inmate must show that the delay either exacerbated his injury *or* that it unnecessarily prolonged the pain. *Thomas v. Martija*, 991 F.3d 763, 771 (7th Cir. 2021). In cases where prison officials delayed rather than denied treatment, the plaintiff must offer verifying medical evidence that the delay (rather than the underlying

condition) caused some degree of harm.  *Id.* at 749, *citing* *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013).

### B. Analysis

Despite being notified of his obligation to respond to the motion for summary judgment, Plaintiff did not file a response.  The Court construes Plaintiff's failure to respond as an admission of the facts set forth in the Defendant's Statement of Material Facts to the extent the facts are supported by record evidence.  LOCAL RULE 56.1(f), (g). Plaintiff's failure to respond does not lead to automatic judgment for the movant, and the Court will still assess the allegations and evidence to determine if judgment is proper as a matter of law.  *See e.g.*, *Keeton v. Morningstar*, *Inc.*, 667 F.3d 877, 884 (7th Cir. 2012).

In this case, Plaintiff faulted Dr. Tran for delays in his dental care from February 25, 2022-November of 2022.  (Doc. 9).  He was allowed to proceed on Claim 3 on the premise that Dr. Tran exhibited deliberate indifference to his need for dental care.  (Doc. 10).  The evidence submitted shows that Dr. Tran first considered Plaintiff's dental situation in early March of 2022 during a chart review at which time he did not deem it emergent, but felt it was appropriate to schedule Plaintiff to be seen.  (Tran Decl., Doc. 30-1 at ¶¶ 21-22).  Plaintiff alleged in his complaint that his situation was an emergency, and thus the prison's administrative directives mandated priority dental care, but he never submitted any evidence to substantiate the assertion that his situation was an emergency. (Doc. 9 at ¶¶ 13, 31).[2]  When Plaintiff reported to the general sick call process

---

[2] Plaintiff asserts without support that his dental situation fell within "category 1" of an attachment to the administrative directives on dental care, which would correlate with an "emergency treatment" need. (Doc. 9 at ¶ 13; Doc. 9-1 at 10).  However, Dr. Tran reviewed Plaintiff's chart on March 1, 2022, and

for dental pain in early April of 2022, he was counseled on how to use pain medication and to modify his behavior to mitigate pain until he could be seen. (Doc. 30-1 at 48-50). Dr. Tran was informed of the situation on April 21, 2022, and suspecting an infection he prescribed Amoxicillin and until Plaintiff could be seen. (Tran Decl., Doc. 30-1 at ¶ 24).

Dr. Tran first saw Plaintiff on April 28, 2022, at which point they concurred that the plan was removal of all of Plaintiff's teeth so that he could be fitted with dentures. (Tran Decl., Doc. 30-1 at ¶¶ 25-27; Doc. 30-3 at 272). At the visit, Dr. Tran did not perceive acute pain, and he did not view Plaintiff's condition as an emergency. (Id.). At the visit, Dr. Tran continued Plaintiff on pain medication, and he was to be placed on the list for extractions. (Tran Decl., Doc. 30-1 at ¶ 26-27).

At his deposition, Plaintiff tried to attribute scheduling responsibilities to Dr. Tran, but his testimony faltered on this topic throughout the course of his deposition. (Manley Dep., Doc. 30-3 at pp. 33:21-34:5; 38:18-39:15; 42:10-11; 43:14-44:9). Dr. Tran only filled in at Robinson as available, while also serving as a full-time dentist at another prison. (Tran Decl., Doc. 30-1 at ¶¶ 3-4, 7-8). Dr. Tran did not have control over the management of the dental treatment lists and did not schedule patients himself. (Id., ¶ 8). In the complaint and at his deposition, Plaintiff also attributed dental delays to the prison administration, whom he alleges chronically understaffed the dental department. (Doc. 9 at ¶¶ 27-29, 33; Manley Dep., Doc. 30-3, p. 50:6-14). Dental assistant Jill Martin declared that dentists, including Dr. Tran, did not have control over patient scheduling. (Martin Decl., Doc. 30-

---

determined that the situation was not emergent. (Tran. Decl., Doc. 30-1 at ¶¶ 21-22). Even when one of Plaintiff's teeth became infected and Dr. Tran evaluated him in person, Dr. Tran still opined that Plaintiff's situation did not require emergency treatment. (Tran Decl., Doc. 30-1 at ¶¶ 25-27).

2 at ¶¶ 2-3).  Plaintiff has not presented any evidence sufficient to create a genuine dispute about Dr. Tran's scheduling control.

On August 15, 2022, Dr. Tran performed the first set of extractions, which went well and alleviated pain.  (Tran Decl., Doc. 30-1 at ¶¶ 29-31; Manley Dep., Doc. 30-3 at 108:2-6).  Dr. Tran referred Plaintiff to be placed on the list for the remaining extractions.  (Tran Decl., Doc. 30-1 at ¶ 31).  Plaintiff complained on November 5, 2022, that he was still in pain and had not been seen a second time, though there is no evidence Dr. Tran was ever aware of this complaint.  Plaintiff was informed that he was at the top of the treatment list at that point, but that local staff did not know when treatment would occur next.  (Doc. 9-1 at 15).  On November 16, 2022, Dr. Tran performed the second group of extractions, which mitigated all pain. (Manley Dep., Doc. 30-3 at p. 130:9-12).  Before both sets of extractions, Plaintiff signed consent forms indicating there may not be time for dentures to be prepared.  (Doc. 30-1 at 281, 283).

Dr. Tran attests that a patient needed to wait at least four months post-extraction for dentures, but he completed the dental referral paperwork for Plaintiff on November 16, 2022.  Dr. Tran never saw Plaintiff again while Plaintiff was at Robinson, and there is no evidence that any complications from the extractions or with the denture process were reported to Dr. Tran.  (Tran Decl., Doc. 30-1 at ¶¶40-41; Doc. 30-1 at 285-287).

Plaintiff's deposition testimony, complaint, and exhibits, all show frustration with the dental process, but none of this evidence demonstrates that Dr. Tran knew of a serious risk to Plaintiff's health and deliberately disregarded it.  The evidence also does not show that the delays in treatment caused Plaintiff any discrete harm.  As Dr. Tran noted,

Plaintiff did not lose weight during the relevant timeframe. Plaintiff indicated that the extractions alleviated all pain. Although Plaintiff complained that Dr. Tran should have seen him sooner, he does not have any actual evidence that Dr. Tran controlled his schedule or had any authority over the staffing situation. Plaintiff also characterized his dental situation as an emergency at his deposition, but Dr. Tran noted no acute distress during their encounters, did not characterize the situation as an emergency, and provided medications when relevant to manage pain and infections during the intervening months. The dental care situation at Robinson arguably may have been deficient, but there is not any evidence sufficient to show that Dr. Tran was personally responsible for these delays, thought they may cause harm, or failed to provide Plaintiff with appropriate care when he saw him three times from February of 2022 to November of 2022. Accordingly, Dr. Tran's Motion for Summary Judgment (Doc. 29) will be granted.

### DISPOSITION

Defendant Tran's Motion for Summary Judgment (Doc. 29) is **GRANTED** in full. The Clerk of Court shall enter judgment accordingly and **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 11, 2026                      /s/ *David W. Dugan*

_____

DAVID W. DUGAN
United States District Judge

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal in forma pauperis. *See* FED. R. APP. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.